**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4388**

_____

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

DARREN OLIVER ROBINSON, a/k/a Stretch, a/k/a
Desaun Talib Bethel,

                                   Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  W. Craig Broadwater,
District Judge.  (CR-04-52)

_____

Submitted:  January 30, 2008     Decided:  February 12, 2008

_____

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston,
West Virginia, for Appellant.  Sharon L. Potter, United States
Attorney, Thomas O. Mucklow, Assistant United States Attorney,
Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Oliver Robinson pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). He was sentenced to 202 months' imprisonment. Robinson's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal, but raising as potential issues (1) whether Robinson's trial counsel was ineffective by failing to investigate Robinson's criminal history; (2) whether Robinson's trial counsel was ineffective by failing to preserve an argument under United States v. Booker, 543 U.S. 220 (2005); and (3) whether Robinson was denied due process by sentencing guidelines that provide for sentencing disparity of a 100:1 ratio of crack to powder cocaine. Robinson was advised of his right to file a pro se supplemental brief, but has not done so. The Government filed a responding brief invoking the waiver of appellate rights in Robinson's plea agreement and arguing his ineffective assistance claims are not appropriate for direct review.

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the

defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

Here, according to the terms of his plea agreement, Robinson waived "the right to appeal any sentence which is within the maximum provided in the statute of conviction or [] the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742." Robinson's sentence of 202 months is within the statutory maximum of twenty years. 21 U.S.C. § 841(b)(1)(C) (2000). Notably, Robinson does not attack the validity of his plea agreement or waiver of appellate rights. At Robinson's Rule 11 hearing, the district court conducted a thorough colloquy with Robinson and specifically questioned him on two separate occasions about whether he understood he was waiving his right to appeal his sentence. The district court properly concluded that Robinson's plea was freely and voluntarily made and accepted his plea. As Robinson knowingly and voluntarily waived his right to appeal his sentence and as his sentencing claim falls squarely within the terms of his appellate waiver, we dismiss Robinson's claim pertaining to sentencing.

- 3 -

Turning to the remaining <u>Anders</u> claims, Robinson's claims of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000) unless it conclusively appears from the face of the record that his counsel was ineffective. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record does not conclusively establish that trial counsel was ineffective, Robinson's claims are not cognizable on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment with respect to all issues outside the scope of the waiver. This court requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br>
<u>AFFIRMED IN PART</u>